**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Terry Douglas Campbell, Appellant,

v.

The State of South Carolina, Director of South Carolina Department of Corrections, Bryan Stirling, Warden Bernard McKie, Officers Lt. McLaughlin and Aubrey Pounds, Respondents.

Appellate Case No. 2016-000066

———————

Appeal From Richland County
Tanya A. Gee, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-120
Submitted February 1, 2018 – Filed March 21, 2018

———————

**AFFIRMED**

———————

Terry Campbell, of Rock Hill, pro se.

Daniel Clifton Plyler and Steven R. Spreeuwers, both of Davidson & Lindemann, PA, of Columbia, for Respondents.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 15-78-110 (2005) ("[A]ny action brought pursuant to [the Tort Claims Act (the Act)] is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered . . . ."); S.C. Code Ann. § 15-78-100(b) (2005) ("Jurisdiction for any action brought under [the Act] is in the circuit court and brought in the county in which the act or omission occurred."); Rule 3(a), SCRCP ("A civil action is commenced when the summons and complaint are filed with the clerk of court if: (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.